IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

BRYAN C. NASH,                      Cause No. CV 04-115-M-DWM

      Plaintiff,

    vs.                                ORDER, and
                                     FINDINGS AND RECOMMENDATION
RAVALLI COUNTY DETENTION CENTER,    OF U.S. MAGISTRATE JUDGE
JUDGE JAMES A. HAYNES, MIKE
MONTGOMERY AND LT. CATHY POWELL,

      Defendants.

_____

## I.  BACKGROUND

This case remains pending only on Plaintiff's claims alleging Defendant Cathy Powell denied proper medical and mental health care to him.  By Order dated August 4, 2006, Chief Judge Donald W. Molloy has dismissed all the other Defendants.

Plaintiff filed this case in March 2004 stemming from events which occurred when he was an inmate at the Ravalli County Detention Facility.  After various proceedings the Court issued a Scheduling Order on November 14, 2005, which set a March 16, 2006 deadline for the completion of discovery, and an April 17, 2006

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

deadline for motions.

At the same time the Court issued the Scheduling Order Plaintiff moved for appointment of counsel due to the legal complexities of the case and his on-going medical conditions and treatments.  His motion also advised the Court of his telephone number and a change of address to what appears to be a residential address in Hood River, Oregon.  Plaintiff then filed another motion for appointment of counsel dated December 23, 2005, again based on the legal complexities of the case and his condition which he identified as "mild-traumatic, organic brain injury[.]"[1]  In that same motion Plaintiff requested additional time in which to respond to discovery requests submitted by Defendant Powell.

On April 17, 2006, the Court issued an Order denying Plaintiff's two requests for appointment of counsel.  The Court found Plaintiff had not demonstrated a sufficient likelihood of success on the merits of his case warranting appointment of counsel.  The Court also noted Plaintiff was no longer incarcerated.

Prior to the April 17 Order Defendant Powell filed a motion to compel Plaintiff to respond to her discovery requests.  The Court noted Defendant's discovery requests were all factual in

---

[1]Pl.'s December 23, 2005 letter and motion filed December 27, 2005.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

nature.  The facts of Plaintiff's claims are within his
knowledge, and there is nothing that would prevent him from
responding to the requests by providing Defendant with the facts
of his case.  Therefore, the Court's April 17 Order granted
Defendant's motion to compel, and it also granted Plaintiff's
request for an extension of time to provide discovery responses.
The Court ordered Plaintiff to submit his discovery responses on
or before May 12, 2006.  Importantly, the Court advised Plaintiff
that if he failed to provide discovery responses his case would
be subject to dismissal under Fed. R. Civ. P. 37(b)(2)(C).[2]

The April 17 Order also required the parties to file status
reports by May 22, 2006.  Additionally, the Court stayed the
deadlines set in the November 14, 2005 Scheduling Order pending
review of the parties' status reports.

On May 19, 2006, Defendant Powell filed a status report.
She advised the Court Plaintiff had not served any discovery
requests on her, and that he had not responded to any of her
discovery requests submitted to him despite the Court's Order
compelling him to do so.  Consequently, Defendant filed a Motion
for Sanctions on May 19, 2006, requesting that the Court dismiss
the case pursuant to Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff has not been responsive to the Court's April 17

---

[2]April 17, 2006 Order at 5.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

Order, or to Defendant's motion.  He has not produced discovery, he did not file a status report, and he has not filed a response to Defendant's Motion for Sanctions.  Instead, Plaintiff submitted a letter dated June 20, 2006, advising the Court of a new telephone number and a new change of address to what appears to be another residential address in Hood River, Oregon.  In that letter Plaintiff again requests appointment of counsel "based on his disability status."  However, Plaintiff's letter provides no details regarding the extent of his disability.

## II.  DISCUSSION

### A.   Appointment of Counsel

As set forth in the Court's April 17, 2006 Order, Plaintiff has no legal right to the appointment of counsel.  That Order stated as follows:

> There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)), the Court may only appoint counsel under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).
>
> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.
>
> *Id*. (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 4

1988) (*Bivens* action).[3]

Under the factors identified in the above-quoted provisions of law, the Court finds Plaintiff still has not shown the requisite combination of probable success on the merits of his claims, and an inability to articulate his claims *pro se* in light of the legal issues involved.  He has not presented any argument whatsoever as to the likely merit of his claims, and although Plaintiff has advised the Court he has an organic brain injury he has not made any effort to explain exactly how such disability adversely affects his ability to articulate his claims *pro se*. Absent such a showing by the Plaintiff, the Court has no basis on which to grant his request for appointment of counsel.

### B.   Motion for Sanctions

With regard to Defendant's Motion for Sanctions, the Court first notes Plaintiff has not filed any brief in response to the motion.  Pursuant to L.R. 7.1(i) the Court may deem Plaintiff's lack of a response as an admission by him that Defendant's motion is well taken.

The rules of civil procedure provide that if a party fails to comply with an order issued pursuant to Rule 37(a) compelling the party to provide discovery responses, then the Court has discretion to issue an order "dismissing the action[.]"  Fed. R.

---

[3]April 17, 2006 Order at 2-3.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

Civ. P. 37(b)(2)(C).  *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985) (confirming discretion of the court under Rule 37).  Such a dismissal is warranted if a party's non-compliance with a court order is due to "willfulness, fault, or bad faith."  *Id.* (citation omitted).  "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad*, 762 F.2d at 1341).

With regard to a dismissal for failure to comply with a court's order the Ninth Circuit has required as follows:

> "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." [citation omitted]  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ··· dismissal sanction.  Thus the key factors are prejudice and the availability of lesser sanctions." [citation omitted]

*Henry*, 983 F.2d at 948.

As established in *Henry*, the public's interest and the court's management of its docket weigh in favor of a dismissal in this case.  Therefore, the Court will proceed with a consideration of the remaining factors.

With regard to the risk of prejudice to Defendant she argues

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 6

she has been prejudiced by Plaintiff's failure to provide
discovery responses.  As this Court has previously noted, it has
been difficult to decipher what Plaintiff's precise claims are.[4]
Plaintiff's current pleading is written in a narrative format
which also makes it difficult to determine the specific factual
allegations against which Defendant is expected to defend.
Therefore, Defendant advises she submitted the discovery requests
so she could obtain clarification as to the specific facts
supporting Plaintiff's allegations against her.  Plaintiff's
failure to provide the necessary discovery responses,
particularly in light of the April 17 Order, has stymied
Defendant's efforts to prepare a defense to this case.  Such
circumstances are sufficient to support a finding of the
necessary prejudice to Defendant warranting a dismissal of this
case. *Henry*, at 948.

    The Court further finds Plaintiff's delays in prosecuting
this case have prejudiced Defendant's ability to defend.
Although this case has been pending since early in 2004, other
than Plaintiff's motions for appointment of counsel, he has done
nothing to prosecute his claims, and has instead delayed his
discovery responses to Defendant.  As time goes on, the facts
supporting the claims, and witnesses' memories of such facts

---

    [4]September 2, 2004 Order at 3.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 7

become stale, making it more difficult for either party to litigate this case.  All of this delay, caused by Plaintiff, sufficiently prejudices Defendant and "threatens to interfere with the rightful decision of the case." *Id.*

As to the fourth factor, the Court recognizes public policy favors the disposition of cases on their merits, and generally this factor weighs against dismissal of a case. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds that the other four factors weigh in favor of dismissal and, therefore, dismissal is an appropriate sanction in this matter.

Finally, the Court must also consider the availability of less drastic sanctions.  As noted above, the Court has granted Plaintiff an extension of time to respond to Defendant's discovery requests, it has stayed the deadlines imposed by the Scheduling Order, and it has cautioned Plaintiff that his failure to comply with the Order compelling him to provide discovery responses could result in the dismissal of his case.  Plaintiff has not heeded such warning, and he has not taken advantage of the opportunities the Court has previously provided him.  There is no reason to expect Plaintiff will "respond more satisfactorily to a second round" of opportunities than he did the first time.  *Henry*, 983 F.2d at 948.  The Court is also not

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 8

required to exhaust all alternative less-drastic sanctions prior to dismissal.  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Based on the foregoing, the Court finds the relevant factors weigh in favor of granting Defendant's motion and dismissing this case based on Plaintiff's failure to comply with the Court's Order compelling him to produce discovery responses.  There is no evidence in the record, and no argument presented by Plaintiff, showing his failures have not been outside his control. Therefore, such failures are all that is required to demonstrate willfulness, bad faith, or fault.  *Henry*, at 948.

Based on the foregoing, the Court enters the following:

**ORDER**

Plaintiff's motion requesting appointment of counsel is **DENIED.**

The Court further enters the following:

**RECOMMENDATION**

Defendant's Motion for Sanctions should be **GRANTED** and this action should be **DISMISSED** pursuant to Fed. R. Civ. P. 37(b)(2)(C).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 9

parties.   The parties are advised that pursuant to 28 U.S.C. §
636(b)(1), they have the right to file written objections to this
Findings and Recommendation.   Any objections to the Findings and
Recommendation must be filed with the Clerk of Court within
twenty (20) days after the date this Findings and Recommendation
is signed, or objection is waived.

      DATED this __23rd__ day of October, 2006.


                    /s/ Jeremiah C. Lynch_____
                    Jeremiah C. Lynch
                    United States Magistrate Judge