FILED
MISSOULA, MT

2006 NOV 17 AM 11 05

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| BRYAN C. NASH, | ) | CV 04-115-M-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| RAVALLI COUNTY DETENTION CENTER, JUDGE JAMES A. HAYNES, MIKE MONTGOMERY and LT. CATHY POWELL, | ) | |
| Defendants. | ) | |

This case is before the Court on Plaintiff Nash's claim under 42 U.S.C. § 1983 against Defendant Powell for denial of proper medical and mental health care while Nash was incarcerated at the Ravalli County Detention Facility. All other Defendants were dismissed by prior order of this Court. See Order dated August 4, 2006 (Doc. No. 30).

Defendant Powell has filed a motion to dismiss the claim against her as a sanction for Nash's failure to respond to discovery requests under Fed. R. Civ. P. 37(b)(2)(C). Defendant Powell served discovery requests on Plaintiff Nash on November 29, 2005. Nash failed to respond and Powell filed a motion to compel on February 15, 2006. The Court granted the motion to

compel on April 17, 2006, but afforded Nash an extension of time in which to respond, until May 12, 2006. The Court also required the parties to file status reports on May 22, 2006. Plaintiff Nash failed to respond to the discovery requests or to file the required status report, and was not heard again until he submitted a letter on June 20, 2006 in which he updated his contact information and renewed his previously denied requests for appointed counsel. Nash has yet to respond to the now year-old discovery requests.

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on October 23, 2006, in which he recommended the dismissal of the Plaintiff's claim against Powell. The Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

In making his recommendation Judge Lynch weighed the five factors to be considered prior to imposing dismissal as a discovery sanction, as required by Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993). Judge Lynch found that the need to expedite the resolution of cases favors dismissal, as does the court's need to manage its docket. He also noted that

the delay has prejudiced the Defendant because without the Plaintiff's responses she is unable to fully assess the nature of his claim and prepare a defense. In light of Nash's failure to comply with the Court's earlier discovery order, Judge Lynch surmised that the imposition of less drastic sanctions would not succeed in securing the responses sought. The only factor weighing against dismissal, according to Judge Lynch, is the preference for resolving cases on the merits. In these circumstances, however, Judge Lynch concluded that the preference for resolution on the merits is overshadowed by the other four factors.

I can find no clear error with Judge Lynch's Findings and Recommendations and adopt them in full.

Accordingly, IT IS HEREBY ORDERED that Defendant Powell's motion to dismiss as a discovery sanction (Doc. No. 24) is GRANTED, and this case is DISMISSED for failure to respond to discovery requests under Fed. R. Civ. P. 37(b)(2)(C).

DATED this 17th day of November, 2006.

Donald W. Molloy, Chief Judge
United States District Court